UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEARY SCHINDEL | § § | |
| *Plaintiff,* | § § | |
| V. | § § § | 5-22-CV-00960-JKP-RBF |
| EDWARDS AQUIFER AUTHORITY | § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE U.S. MAGISTRATE JUDGE RICHARD B. FARRER:

**COMES NOW** GEARY SCHINDEL, hereinafter called "plaintiff" or "Mr. Schindel," complaining about the EDWARDS AQUIFER AUTHORITY, hereinafter referred to by name or "EAA" or as Defendant, and would show unto the Court the following:

### I. NATURE OF THE SUIT

**1.01** This is a suit for discrimination based on age (over 60) pursuant to the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*).

**1.02** The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer – a. (1) "to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age [ ]

or because such individual... has made a charge, testified or assisted or participated in any manner in an investigation, proceeding or litigation..." 29 U.S.C. § 623 (a)(1); (2); and (d).

## II. JURISDICTION, PARTIES, VENUE, AND SERVICE

**2.01** Plaintiff, Geary Schindel, is an individual residing in San Antonio, Bexar County, Texas.

**2.02** Defendant, Edwards Aquifer Authority (EAA), is a regional groundwater district and governmental subdivision of the State of Texas authorized to conduct business in the state of Texas. Said Defendant may be served with citation by serving its Chief Executive Officer or Registered Agent as follows:

>Edwards Aquifer Authority
>Roland Ruiz, General Manager
>900 E. Quincy
>San Antonio, Texas 78215-1415
>P. (210) 222-2204 or (800) 292-1047
>F. (210) 222-9869

Plaintiff requests that service upon said Defendant be accomplished by a private process server or, in the alternative, by the Clerk of this Court by mailing to said Defendant's Chief Executive Officer by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto, with a notice requesting a waiver pursuant to 4(e), or (h), Federal Rules of Civil Procedure.

**2.03**   Jurisdiction and venue are proper in San Antonio, Bexar County, Texas because all material acts or omissions complained about occurred in this city, county, and state and within the San Antonio Division of the United States District Court for the Western District of Texas. Plaintiff seeks compensatory damages and non-compensatory damages, punitive damages to the extent allowed by law as well as other legal and equitable relief such as backpay and forward pay, attorney fees, and costs of court.

### III. FACTUAL AND PROCEDURAL BACKGROUND

**3.01** Geary Schindel, a professional licensed Geologist, was employed by Edwards Aquifer Authority for well over twenty (20) years. Mr. Schindel was first hired in 1999 as the Chief Technical Officer to develop research and data collection programs for the EAA.

**3.02** In recent years Mr. Schindel worked as Chief Technical Officer and Director of Aquifer Science Program. In this capacity, he reported to the Executive Director of the Aquifer Management Services Department. Plaintiff Schindel supervised three senior staff employees Steve Johnson, Jim Winterle and Mark Hamilton who were managers within the Aquifer Science Program. Each of these employees were over fifty (50) years of age.[1]

---

[1] Years of birth are not available because the EAA has failed and refused to answer plaintiff's discovery requests in any meaningful, substantive way.

## IV. CAUSES OF ACTION

**4.01** Plaintiff Schindel was sixty-two (62) years of age (year of birth 1957) and believes that his age was the motivating factor when he was subjected to an unwarranted demotion in position, pay, and supervisory functions. Schindel contends that the Edwards Aquifer Authority discriminates against older employees such as Jon Cradit (60's) who worked in Aquifer Protection and James Winterle (60's) was likewise forced into retirement or constructively terminated by Hamilton. Hamilton then replaced those senior officials and employees with younger less qualified and sometimes unqualified employees. Plaintiff Schindel avers that this is unlawful discrimination based on age (over 60) in violation of the 29 U.S.C § 621 *et seq*. There are numerous other persons that were ousted on account of their ages (over 60) and replaced with persons outside the protected group of whom were less qualified or sometimes unqualified for the positions. The names and titles of these employees is unknown at this time because the EAA has not answered plaintiff's discovery which are long overdue.

### A.  Hostile Work Environment

**4.02** Geary Schindel was subjected to a hostile work environment based on age for well over three (3) years. This hostility was initially demonstrated when Mark Hamilton became his supervisor and decided to alter the directors that reported to him. At that time, Hamilton had three directors reporting to him: Geary Schindel

(Aquifer Science), Jim Winterle (Ground Water Modeling), and Jim Boenig (Aquifer Protection). Plaintiff was replaced as Director of Aquifer Science and named Director of Karst Initiatives where he no longer supervised staff and had limited management responsibilities. Steve Johnson was named Director of Aquifer Science. Hamilton stated he made the change because Steve Johnson had informed him and other coworkers that he "[Johnson] would soon be retiring in about a year" (early 2018).

**4.03** Hamilton then down-graded Geary Schindel removing his title as Director by making Schindel report to James Boenig, Director of Aquifer Protection. This down-grade resulted in plaintiff losing important duties and responsibilities in the EAA workplace but did not affect his pay. Hamilton's hostility toward Schindel and other older workers was palpable in the workplace.

**B.    Adverse Employment Actions**

**4.04** More recently Geary Schindel was demoted on or about January 11, 2020 from Chief Technical Officer to Senior Hydrogeologist. This included the loss of all his management responsibilities, supervisory duties and a reduction in pay of over thirty (30%) percent. Mr. Schindel was issued a bogus corrective counseling, a disciplinary action by second level supervisor Mark Hamilton, Director of Management Services. This corrective counseling and demotion was mere pretext,

calculated to mask unlawful discrimination. Mr. Schindel was denied an opportunity to rebut the false and/or inaccurate bases claimed for the demotion.

**4.05** Mark Hamilton has a history of issuing reprimands to Mr. Schindel even when the basis of the reprimand was shown to be demonstrably false and untrue. This demonstrated that Hamilton did not care about the truth or the falsity of his reprimands or other adverse actions and that the goal was to fabricate disciplinary contacts or records for the employee. This created a hostile work environment for Schindel and other older EAA employees.

**4.06** Plaintiff demonstrated the EAA's alleged nondiscriminatory reasons for the hostility of his work environment based on age and for his demotion are not credible and are, in fact, mere pretext calculated to mask unlawful discrimination by Hamilton based on age and retaliation against Mr. Schindel for opposing discrimination in the workplace. The EAA a tax supported entity has ratified Hamilton's discriminatory actions.

**4.07** Specifically, Geary Schindel was issued a "corrective counseling" on December 10, 2019 by Mark Hamilton as a result of a field inspection of an EAA regulated facility in Bexar County conducted on December 4, 2019. One of the primary purposes for the inspection was to make sure any mapped karst features, storm water basins and surface drainage pathways were accurately reflected on EAA maps.

**4.08** Plaintiff believes the EAA's alleged nondiscriminatory reasons for the hostility of his work environment based on age and for his demotion are not credible and are, in fact, mere pretext calculated to mask discrimination by Hamilton based on age (over 60) and retaliation. The adverse personnel actions including the demotion were ratified by the EAA without giving Mr. Schindel any meaningful opportunity to rebut the allegations.

**4.09** Mark Hamilton disciplined Mr. Schindel for allegedly allowing two staff geologists to "enter a confined space." Gary Schindel followed EAA procedures in every way including the EAA's Cave Entry Procedures. Mr. Schindel's fellow EAA staff members conducted visual inspections as had been discussed at the preplanning meeting. Mark Hamilton did not attend the pre-planning meeting; and then claimed "safety" had been compromised and that Mr. Schindel had been "insubordinate" without any legitimate basis in truth or fact.

**4.10** Geary Schindel carefully responded and rebutted each allegation on January 6, 2020. The EAA however had already approved the "corrective counseling" and demotion on December 23, 2019. As a result, Mr. Schindel was demoted from his Chief Technical Officer position, and relieved of his liaison duties to the Research and Technology Committee of the EAA (at a pay rate of **$164,004.80**) to a Senior Hydrologist (at a pay rate of **$114,004.80**) which is a difference of

**$50,256.94** in his pay alone. If this is not remedied it will have a negative impact on Mr. Schindel's retirement pay and benefits for the rest of his life.

**4.11** Geary Schindel made it clear that he objected to the adverse personnel actions and complained about his unlawful discriminatory treatment. Then on February 10, 2020, Schindel was issued a negative performance evaluation by Mark Hamilton (Mr. Schindel had an overall rating of "meets" expectations with two negative areas in the review). Plaintiff contended this was retaliation for Schindel's opposition to the discriminatory and hostile work environment against older employees in the protected age group that Hamilton created.

**4.12** In the alternative, this is a mixed motive case in compliance with *Gross v. FBL Financial Services*, 557 U.S. 167 (2009) which held that the burden of persuasion necessary to establish employer liability is "the same in the mixed motive cases as in any other ADEA disparate treatment action. A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the "but for" cause of the challenged employer decision." *Id* at 179. and some of the alleged business reasons were not the sole proximate reasons for Geary Schindel's demotion and discriminatory treatment by Mark Hamilton and the EAA.

**4.13** Each time the EAA terminated or constructively terminated an employee in his sixties the position was filled by younger less qualified and often unqualified replacement employees.

## V. CONDITIONS PRECEDENT SATISFIED

**C.** <u>Exhaustion of Administrative Remedies</u>

**5.01** Geary Schindel contacted the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission - Civil Rights Division (TWC-CRD) to request the issuance of a charge of discrimination concerning the discriminatory treatment by Executive Director Mark Hamilton on December 10, 2019 (the date of the written reprimand) and on January 11, 2020 (the effective date of plaintiff's demotion). Plaintiff, Schindel filed his formal complaint of discrimination on or about February 10, 2020 contending discrimination on account of his age, over 60 and hostile work environment and retaliation. The charge was thereafter, prepared by EEOC/TWC-CRD, signed by Plaintiff and was assigned charge number 451-2020-01728 on March 17, 2020, and sent to the defendant EAA for a response. No evidentiary response was ever submitted by the EAA to the EEOC. Instead, the EAA submitted Mr. Schindel's personnel file and numerous other documents with no sworn witness statements or other probative material evidence.

**5.02** The plaintiff's EEOC/TWC-CRD charge was amended on or after April 27, 2022 when he was constructively terminated or coerced into retirement by Mark Hamilton, the alleged discriminating official herein.

**5.03** Geary Schindel's work environment increased in hostility and toxicity as set forth in Schindel's April 21, 2022 response to EEOC's request for information. Schindel reported that the conditions of his employment continued to be manipulated by his second level supervisor Mark Hamilton. Schindel noted that he was directed by his management to make changes to an Edwards Aquifer Authority (EA) document. This included making changes to a ***peer reviewed*** document by the United States Fish and Wildlife Services (USFWS). Hamilton directed Mr. Schindel to make significant changes that were ***clearly unsupported by the data.***[2] To make these changes would have violated Mr. Schindel's state licensure as a professional Geologist. As a professional Geologist, the Professional

---

[2] (a) A Professional Geoscientist or Geoscience Firm shall not practice geoscience in any manner that, when measured by generally accepted geoscience standards or procedures, does or is reasonably likely to result in the endangerment of public health, safety, or welfare. Such practice is deemed to be "reckless."
(b) "Recklessness" shall include the following practices:
(1) Conduct that indicates that the Professional Geoscientist or Geoscience Firm is aware of yet consciously disregards a substantial risk of such a nature that its disregard constitutes a significant deviation from the standard of care that a reasonably prudent Professional Geoscientist or Geoscience Firm would exercise under the circumstances;
(2) Knowing failure to exercise ordinary care and attention toward the intended result when a procedure, technique, material, or system is employed as a result of a decision made by the Professional Geoscientist or Geoscience Firm and such failure jeopardizes or has the potential to jeopardize public health, safety, or welfare; or
(3) Action which demonstrates a conscious disregard for compliance with a statute, regulation, code, ordinance, or recognized standard applicable to a particular project when such disregard jeopardizes or has the potential to jeopardize public health, safety, or welfare.

**Source Note:** The provisions of this §851.103 adopted to be effective December 15, 2010, 35 TexReg 10695; amended to be effective December 11, 2014, 39 TexReg 9539; amended to be effective October 31, 2018, 43 TexReg 7140; amended to be effective March 6, 2022, 47 TexReg 947

Geoscience Code of Conduct binds Geary Schindel to maintain mandatory standards of conduct. This means Hamilton put Schindel in a position of Schindel either, making the unsupported revisions to a peer-reviewed document or be terminated for insubordination. This last ploy pushed Mr. Schindel into a coerced retirement.

**5.04** The test for coerced resignation or constructive discharge is whether a reasonable person in the employee's position would have felt compelled to resign under the circumstances. *Downey v. Southern Natural Gas Co.*, 649 F2d 302, 305 (5th Cir. 1981); *Bodnar v. Synpol Inc.*, F2d 180 (5th Cir. 1988). This is also another instance of retaliation. The facts giving rise to Mr. Schindel's coerced retirement (or constructive discharge) certainly meet his burden of proof as set forth above.

**5.05** The EEOC upon request issued a Determination and Notice of Rights on or after July 7, 2022. Accordingly, all administrative remedies have been exhausted.

## VI. DAMAGES

**6.01** Plaintiff Geary Schindel is entitled to reinstatement to his position and pay prior to the unlawful adverse personnel actions. Plaintiff also sues for the backpay he would have earned together with the benefits and other accouterments he would have received but for the discriminatory and retaliatory actions.

**6.02**  Plaintiff further seeks non-compensatory damages including forward pay to the extent permitted by law.

**6.03**  Plaintiff also seeks reimbursement for his attorney fees and other recoverable costs.

**6.04**  Plaintiff seeks a judgment that plaintiff was discriminated against by Edwards Aquifer Authority because of his age, over 60 and was retaliated against for opposing discrimination in the workplace.

**6.05**  Plaintiff further seeks liquidated damages as provided by law.

## VII. ATTORNEY FEES

**7.01**  Pursuant to the Age Discrimination in Employment Act (ADEA) as amended, Plaintiff is entitled to recover his attorney fees, expenses, and court costs.  Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial in the amount of at least **$100,000**.

**7.02** In the event an appeal to the United States Court of Appeals for the Fifth Circuit is needed Plaintiff seeks at least **$100,000**, plus cost of the transcript and other costs of court.

**7.03** If an appeal to the Supreme Court of the United States is required Plaintiff will incur and therefore seeks at least an additional **$100,000** plus costs.

## VIII. DEMAND FOR JURY TRIAL

**8.01** Plaintiff hereby makes his demand for a jury trial on all issues triable by jury.

## IX. PRAYER

**9.01** WHEREFORE, premises considered Plaintiff Geary Schindel requests that this Court review this matter and require the defendant EAA to answer his suit on the merits and then set this case for a jury trial as soon as possible. Plaintiff prays for all relief to which he may be entitled at law or in equity, including back pay, forward pay, compensatory and non-compensatory damages, liquidated damages, punitive damages, pre-judgment and post-judgment fees, attorney fees, expert fees, and costs of court.  Plaintiff further seeks such other relief as the Court may deem just and appropriate.

Respectfully submitted,

*/s/ Edward L. Piña*

**EDWARD L. PIÑA**
Attorney at Law
State Bar No. 16011352
**Edward L. Piña & Associates, P.C.**
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas 78229-3268
(210) 614-6400 Telephone
(210) 614-6403 Facsimile
epina@arielhouse.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's First Amended Original Complaint has been forwarded to the following counsel of record in accordance with the Districts ECF service rules on this 14 day of December 2022 as follows:

Deborah C. Trejo
Gilbert Sanchez
KEMP SMITH LLP
2905 San Gabriel St., Suite 205
Austin, Texas 78705
(512) 320-5466
(512) 320-5431 (fax)
Email: deborah.trejo@kempsmith.com
Email: gilbert.sanchez@kempsmith.com

Deborah C. Trejo
Gilbert Sanchez
KEMP SMITH LLP
221 North Kansas, Suite 1700
El Paso, Texas 79901
(915) 533-4424
(915) 546-5360 (fax)
Email: deborah.trejo@kempsmith.com
Email: gilbert.sanchez@kempsmith.com
**ATTORNEYS FOR DEFENDANT
EDWARDS AQUIFER AUTHORITY**

EDWARD L. PIÑA