UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GEARY SCHINDEL,**

*Plaintiff*,

v.                                                              Case No.  SA-22-CV-00960-JKP

**EDWARDS AQUIFER AUTHORITY,**

*Defendant*.

# AMENDED MEMORANDUM OPINION AND ORDER[1]

Before the Court is Defendant Edwards Aquifer Authority's (The EAA) Motion to Dismiss Plaintiff Geary Schindel's First Amended Complaint for failure to state a claim. *ECF Nos. 32,35*. Schindel Responded. *ECF No. 34*. Upon consideration, the Court concludes the Motion shall be GRANTED IN PART and DENIED IN PART.

## PROCEDURAL BACKGROUND

Schindel filed this suit against his former employer, Edward's Aquifer Authority, asserting in his First Amended Complaint causes of action of violations of the Age Discrimination in Employment Act (ADEA) and a hostile work environment based upon age. In the alternative, Schindel asserts "this is a mixed motive case in compliance with *Gross v. FBL Financial Services*, 557 U.S. 167 (2009)."

The EAA filed its first Motion to Dismiss. *ECF No. 3*. The Court mooted this Motion and granted Schindel the opportunity to amend the Complaint, admonishing him that no further op-

---

[1] This Amended Memorandum Opinion and Order is issued to clarify any omission of the Court's discussion of a retaliation cause of action.

portunities would be allowed should the EAA file a meritorious second Motion to Dismiss pursuant to Federal Rule 12(b)(6). The EAA now files this Second Motion to Dismiss Schindel's First Amended Complaint.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could

prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

To survive a Federal Rule 12(b)(6) motion, a plaintiff does not need to provide detailed factual allegations but must provide grounds of his entitlement to relief. This pleading requirement necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, the Court's task is to identify the elements of a cause of action and then determine whether the plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity to the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561, F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice with-

out giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## DISCUSSION

### 1. Presumed Retaliation Cause of Action

In his First Amended Complaint, Schindel asserts two explicit causes of action: hostile Work Environment and Age Discrimination. *ECF No. 31, pp. 4-8*. In the Second Motion to Dismiss, the EAA presumes Schindel asserts a retaliation cause of action and moves to dismiss it for failure to state a claim. *ECF No. 32, pp. 10-12*.

Schindel briefly alludes to retaliation three times in the First Amended Complaint. First, within the context of description of the age discrimination cause of action, Schindel alleges twice that the nondiscriminatory reasons for the hostile work environment and his demotion were "mere pretext calculated to mask unlawful discrimination by Hamilton based on age and retaliation…." *ECF No. 31, pp. 6,7, pars. 4.06, 4.08*. Next, Schindel alleges a negative performance evaluation "was retaliation for Schindel's opposition to the discriminatory and hostile work environment against older employees in the protected age group that Hamilton created." Schindel does not assert any other facts regarding retaliation or the nature of any "opposition." *Id. at par. 4.11*.

To the extent the parties might construe these statements within the First Amended Complaint as an assertion of a retaliation cause of action, the Court concludes Schindel fails to plead "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 555–558, 570. Schindel fails to enumerate retaliation as a cause of action and fails to plead sufficient and plausible facts pertinent to the elements of any retaliation cause of action. Consequently, the EAA's Motion to Dismiss any presumed retaliation cause of action shall be granted.

2. **Hostile Work Environment Cause of Action**

In his First Amended Complaint, Schindel alleges he "was subjected to a hostile work environment based on age for over three (3) years." Schindel alleges "[t]his hostility was initially demonstrated when Mark Hamilton became his supervisor and decided to alter the directors that reported to him." This resulted in a demotion, and Schindel "was replaced as Director of Aquifer Science and named Director of Karst Initiatives where he no longer supervised staff and had limited management responsibilities." Schindel asserts "Steve Johnson was named Director of Aquifer Science," because, as Hamilton asserted, "Steve Johnson had informed him and other coworkers that he '[Johnson] would soon be retiring in about a year' (early 2018)." Schindel alleges this re-assignment resulted in the loss of important duties and responsibilities but did not affect his pay. Schindel asserts "Hamilton's hostility toward Schindel and other older workers was palpable in the workplace," and "Mark Hamilton has a history of issuing reprimands to Mr. Schindel even when the basis of the reprimand was shown to be demonstrably false and untrue," which "demonstrated that Hamilton did not care about the truth or the falsity of his reprimands or other adverse actions and that the goal was to fabricate disciplinary contacts or records for the employee." Finally, Schindel alleges he suffered an adverse employment action in the form of constructive termination when he was directed to make "changes to a peer reviewed document" that "would have violated Mr. Schindel's state licensure as a professional Geologist." Schindel asserts "Hamilton put Schindel in a position of either making the unsupported revisions to a peer reviewed document or be terminated for insubordination," which "pushed Schindel into a coerced retirement. Schindel alleges these actions, together, created a hostile work environment based upon his age.

The ADEA prohibits employers from discriminating against employees based on age by creating a hostile work environment. 29 U.S.C. §§ 623(a)(1) and 631(a); *Brown v. Metro. Gov't of Nashville and Davidson Cnty.*, 722 F. App'x 520, 525 (2018). To establish a prima facie hostile work environment claim under the ADEA, a plaintiff must show: (1) he was over the age of 40; (2) he was subject to harassment based on his age, either through words or actions; (3) the harassment created an objectively intimidating, hostile or offensive work environment; and (4) there is some basis for liability on the part of the employer. *Id*. at 525-26; *Dediol v. Best Chevrolet, Inc*., 655 F.3d 435, 441 (5th Cir. 2011). To be actionable, a hostile work environment claim under the ADEA must be one in which "the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment …'" *Id*. (quoting *Alaniz v. Zamora–Quezada,* 591 F.3d 761, 771 (5th Cir. 2009)).

In the preliminary stage, to survive a Federal Rule 12(b)(6) motion to dismiss, a plaintiff need not establish the prima facie elements of a cause of action, but must provide a short and plain statement of the cause of action and supporting facts which show the plaintiff is entitled to relief and that gives the defendant fair notice of the grounds upon which the cause of action rests. *Twombly*, 550 U.S. at 555–558, 570; *Ollie v. Plano Indep. Sch. Dist.*, 564 F.Supp.2d 658, 660-61 (E.D. Tex. 2008). Vague factual and conclusory allegations that discrimination is based on age are insufficient to state a valid claim for a hostile work environment. *Id*.; *Chhim v. Univ. of Houston Clear Lake*, 129 F.Supp.3d 507, 515 (S.D. Tex. 2015).

Review of Schindel's First Amended Complaint reveals he fails to allege sufficient facts to provide fair notice of the basis of the hostile work environment cause of action. The First Amended Complaint does not contain any factual allegations demonstrating conduct that was "sufficiently severe or pervasive" to create a hostile work environment directed toward Schindel

6

or based upon Schindel's age, but instead, describes employment actions Schindel simply did not agree with. The allegation of promotion of another employee due to that employee's impending retirement does not implicate a hostile work environment based upon age. Schindel's allegations of Hamilton's hostility that "was palpable in the workplace" and Hamilton's history of issuing false reprimands to Mr. Schindel do not sufficiently aver "the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of [Schindel's] employment …'" *See Harris v. Forklift Sys., Inc*., 510 U.S. at 21. Schindel alleges in a conclusory fashion that he was subject to a hostile work environment and asserts generalized allegations of age discrimination. Schindel's allegation of the reason for his "coerced retirement", though reprehensible, is not based upon his age. These conclusory allegations of age discrimination are insufficient to state a plausible claim for a hostile work environment due to age. *See Twombly*, 550 U.S. at 555–558, 570; *Ollie*, 564 F.Supp.2d at 660-61; *Chhim*, 129 F.Supp.3d at 515.

For these reasons, Schindel fails to allege the threshold pleading requirements of Federal Rule 12(b)(6) state a claim for hostile work environment based upon his age in violation of the ADEA.

### 3. ADEA Cause of Action

In seeking dismissal of Schindel's cause of action asserting violation of the ADEA, the EAA contends Schindel failed to plausibly state a claim because he "asserts broadly that the EAA terminated or constructively terminated older employees and filled their position with younger, less qualified or unqualified employees." The EAA contends Schindel's failure to specifically aver that he was replaced by someone younger than himself or that his age was the cause of his demotion is basis for dismissal pursuant to Federal Rule 12(b)(6).

In his First Amended Complaint, Schindel alleges he was 62 years' old at the time of the alleged discriminatory actions and "his age was the motivating factor when he was subjected to an unwarranted demotion in position, pay, and supervisory functions." As described previously, Schindel alleges he was demoted from Director of Aquifer Science to Director of Karst Initiatives, and he suffered a second demotion on January 11, 2020, when he was redesignated a Senior Hydrogeologist, rather than Chief Technical Officer. Schindel alleges this second demotion "included the loss of all his management responsibilities, supervisory duties and a reduction of pay of over thirty (30%) percent." Further, Schindel alleges he "was issued a bogus corrective counseling, a disciplinary action by" Hamilton, which "was mere pretext, calculated to mask unlawful discrimination," and he "was denied an opportunity to rebut the false and/or inaccurate basis claimed for the demotion." Schindel alleges "Mark Hamilton has a history of issuing reprimands to Mr. Schindel even when the basis of the reprimand was shown to be demonstrably false and untrue," which "demonstrated that Hamilton did not care about the truth or the falsity of his reprimands or other adverse actions and that the goal was to fabricate disciplinary contacts or records." Schindel alleges the EAA's alleged nondiscriminatory reasons for the demotion are not credible and are, in fact, mere pretext calculated to mask unlawful discrimination against him based upon his age.

The ADEA provides, in relevant part, "[i]t shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In the context of a Federal Rule 12(b)(6) Motion to Dismiss, a plaintiff need not plead a prima facie case to state a plausible claim of age discrimination; however, the prima facie elements provide useful guideposts to analyze the sufficiency of the

supporting factual allegations. *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016); *Besser v. Tex. Gen. Land Office*, 834 F. App'x 876, 882 (5th Cir. 2020).

The prima facie elements of a cause of action for violation of the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013). The protected class includes individuals who are at least forty years old. *See* 29 U.S.C. §§ 631(a), 633a(a). "Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). While a "loss of some job responsibilities does not constitute an adverse employment action," in certain cases, "a change in or loss of job responsibilities ... may be so significant and material that it rises to the level of an adverse employment action," *Welsh v. Fort Bend Indep. Sch. Dist.,* 941 F.3d 818, 824 (5th Cir. 2019)(quoting *Williams v. U.S. Dep't of Navy*, 149 F. App'x 264, 269–70 (5th Cir. 2005) and *Thompson v. City of Waco, Tx.*, 764 F.3d 500, 504 (5th Cir. 2014)).

In *Flores v. Select Energy Services,* the Fifth Circuit held the plaintiff's only factual allegation that "some younger employees were not fired after vehicular accidents, unlike him" was sufficiently plausible to support a claim of age discrimination under the ADEA to survive a Federal Rule 12(b)(6) Motion to Dismiss. *Flores v. Select Energy Services,* 486 Fed. App'x. 429, 432-33 (5th Cir. 2012) (per curiam)(unpublished). Similarly, in *Leal*, the Fifth Circuit overruled the District Court's Federal Rule 12(b)(6) dismissal, finding sufficient the plaintiffs' allegation

that their employer had two openings for engineers for which both were qualified, and they were not selected for the positions because their employer preferred younger candidates. *Leal*, 731 F.3d 405 (5th Cir. 2013); *see also Leal v. McHugh*, No. CIV.A. C-11-249, 2011 WL 6372820, at *1 (S.D. Tex. Dec. 20, 2011)(setting forth the factual allegations). In so holding, the Fifth Circuit determined that while the Complaint contained few facts, the plaintiffs' bare allegations were sufficient to imply they were within the protected class under the ADEA, were qualified for the two newly-created positions, and a substantially younger employee was selected instead. *Leal*, 731 F.3d at 413. The *Leal* court stated, "these admittedly bare allegations sufficiently state a plausible claim for age discrimination to survive a motion to dismiss," quoting *Twombly* for the proposition that a cause of action may proceed even if "actual proof of those facts is improbable," and "recovery is very remote and unlikely.'" *Leal*, 731 F.3d at 413.

Following this guidance, in the interest of caution, this Court concludes Schindel alleged enough to state a plausible claim that he was subject to age discrimination in violation of the ADEA. While the facts asserted are scant, Schindel did allege he is within the protected class at 62 years' old, and he was subject to demotion based upon his age, and he was "replaced on a high-profile information technology project with a younger team member." While the allegation of age discrimination is close to speculative, only discovery may reveal whether Schindel suffered a change in or loss of job responsibilities so significant and material that it rises to the level of an adverse employment action and whether animus toward his age served as a factor in his alleged demotions and disciplinary actions.

These scarce allegations in Schindel's Amended Complaint are at least sufficient to allow this cause of action to proceed at this stage of the litigation. In making this ruling, the Court notes only that further assessment of this ADEA claim is fact-intensive and better suited for the

summary-judgment stage. *See Leal*, 731 F.3d at 414; *see also Thompson*, 764 F.3d at 506. Consequently, the EAA's Motion to Dismiss Schindel's ADEA cause of action pursuant to Federal Rule 12(b)(6) shall be denied.

   **4.  "Mixed Motive" Cause of Action**

Schindel asserts an alternative cause of action, stating, "this is a mixed motive case in compliance with *Gross v. FBL Financial Services*, 557 U.S. 167 (2009) . . . and some of the alleged business reasons were not the sole proximate reasons for [his] demotion and discriminatory treatment by Mark Hamilton and the EAA."

To the extent Schindel attempts to assert an alternative cause of action of "mixed motive case," this cause of action shall be dismissed. "Mixed motive" is not an independent, or stand-alone, cause of action, but pertains to the causation element of a discrimination cause of action under Title VII. *See Gross v. FBL Financial Servs, Inc.,* 557 U.S. 167, 176 (2009); *see also Rogers v. Bromac Title Services, L.L.C.*, 755 F.3d 347, 351 (5th Cir. 2014). Consequently, Schindel cannot assert an alternative "mixed motive" cause of action as a matter of law.

To the extent Schindel anticipates arguing an alternative mixed-motive theory of causation, as the EAA contends, this theory of causation is not available in causes of action brought under the ADEA, such that a plaintiff must show age was the but-for, sole, cause of the alleged age discrimination. G*ross,* 557 U.S. at 176; *Reed v. Neopost USA, Inc.,* 701 F.3d 434, 440 (5th Cir. 2012); *Hoffman v. Baylor Health Care Sys.*, 597 Fed. Appx. 231, 235 (5th Cir. 2015). Consequently, this theory of causation will be ineffectual in the context of this ADEA cause of action.

**CONCLUSION**

Generally, plaintiffs must be "given ample opportunity to plead their statutory claims," and "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, the EAA alerted Schindel to the discussed pleading deficiencies pertaining to the hostile work environment and "mixed motive" causes of action in its first Motion to Dismiss. The Court provided Schindel the opportunity to amend the Complaint. The Court admonished Schindel that he would not be given the opportunity to amend the Complaint again should the EAA file a meritorious Motion to Dismiss after this opportunity to amend the Complaint. Based upon this history, the Court concludes it gave Schindel ample opportunity to plead his best case. *See Herrmann Holdings*, 302 F.3d at 567; *Great Plains Trust Co.*, 313 F.3d at 329.

Consequently, the EAA's Federal Rule 12(b)(6) Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Schindel's cause of action of violation of the ADEA due to a hostile work environment based upon his age, Schindel's asserted "mixed motive" cause of action, any presumed retaliation cause of action, and any other intended or presumed cause of action are DISMISSED pursuant to Federal Rule 12(b)(6). Schindel's cause of action of age discrimination in violation of the ADEA remains for further litigation.

It is so ORDERED.
SIGNED this 13th day of February, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE