**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **GEARY SCHINDEL,** § § **Plaintiff,** § § **v.** § § **EDWARDS AQUIFER AUTHORITY,** § § **Defendant.** § § § | **Cause No. 5:22-CV-960-JKP-RBF** |

### DEFENDANT'S CORRECTED MOTION FOR ATTORNEY'S FEES AND COSTS[1]

Pursuant to Federal Rule of Civil Procedure and Local Rule CV-54, Defendant Edwards Aquifer Authority ("Defendant" or the "EAA") hereby moves the Court for an award of attorney's fees and costs related to its defense of this action. In support thereof, the EAA shows the following:

**A.   PROCEDURAL BACKGROUND**

1.   Plaintiff Geary Schindel ("Plaintiff") filed this action against the EAA, his former employer, alleging claims of age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"). On February 13, 2023, the Court partially granted Defendant's 12(b)(6) Motion to Dismiss and dismissed most of Plaintiff's claims to include hostile work environment and retaliation. (ECF No. 37). The parties then litigated Plaintiff's primary claim that he was demoted in December 2019 because of his age.

2.   On April 23, 2023, the Court granted Defendant's Motion for Summary Judgment, dismissed Plaintiff's remaining claim with prejudice, and entered a Final Judgment in favor of

---

[1] Defendant inadvertently omitted the amounts in Paragraph 4 of Defendant's Motion for Attorney's Fee [ECF 62]. Defendant is correcting the Motion to add the amounts of attorney's fees and costs sought in bold. No substantive changes were made to the Motion.

Defendant. (ECF No. 56).

3. On May 3, 2024, Plaintiff filed his Notice of Appeal.

4. The EAA now asks the Court to allow it to recover its attorney's fees and costs from Plaintiff related to its defense of this matter from inception in the amounts of **$120,388.75** and **$4,734.87**, respectively. In addition, the EAA seeks contingent attorney's fees in the amount of $60,000.00 related to Plaintiff's appeal to the Fifth Circuit Court of Appeals and $50,000.00 should Plaintiff appeal to the United States Supreme Court.

5. In support of this Motion, the EAA relies upon the following evidence:

Exhibit A: Declaration of Deborah Trejo

Exhibit B: Declaration of Gilbert L. Sanchez

**B.    STATUTORY BASIS FOR ATTORNEY'S FEES**

6. Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees shall specify "the statute, rule, or other grounds entitling the movant to the award."

7. Here, statutory authority for recovery of attorney's fees is found in the Edwards Aquifer Authority Act (hereinafter the "Act), Chapter 626, Acts of the 73rd Legislature, Regular Section, 1993. The EAA is a special groundwater district created by the Texas Legislature to regulate and manage the Edwards Aquifer. The Act provides a mechanism for the EAA to recover its attorney's fees in suits brought against it. Specifically, Section 1.46(e) of the Act provides that the EAA "may recover attorney's fees, costs for expert witnesses, and other costs incurred by the [EAA] before the court on the same basis as Chapter 36, Water Code, provides for a groundwater conservation district to recover those fees and costs." (Alteration added).

8. Section 36.066(g) of the Texas Water Code, in turn, provides: "If the district prevails in any suit other than a suit in which it voluntarily intervenes, the district may seek and

2

the court shall grant, in the interests of justice and as provided by Subsection (h), in the same action, recovery for attorney's fees, costs for expert witnesses, and other costs incurred by the district before the court. The amount of the attorney's fees shall be fixed by the court."

9. Accordingly, the Act authorizes the EAA to seek – and mandates the Court to grant – its attorney's fees and costs in lawsuits in which it is a prevailing party. Here, there is no question that the EAA prevailed in Plaintiff's lawsuit against it. Accordingly, the EAA is entitled, by statute, to recover its attorney's fees and costs from Plaintiff.

**C.   APPLICABLE LAW**

10. An attorney's fee award rests within the sound discretion of the district court. *EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1153 (5th Cir. 1995).

11. In the Fifth Circuit, reasonable attorneys' fees are typically determined by applying a two-step method. First, the court must calculate the lodestar which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391-92 (5th Cir. 2016).

12. Second, "[a]fter calculating the lodestar, the court must consider whether to adjust the fee upward or downward." *Villegas v. Regions Bank*, No. CIV.A. H-11-904, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013). In making this calculation, the court looks to the factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The Fifth Circuit has "emphasized that the 'the most critical factor' in determining an attorney's fee award 'is the degree of success obtained.' " *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services; (4) the preclusion of other potential employment by the attorney; (5) the customary fee charged for similar services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

(5th Cir. 2017). (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

**D.      THE LODESTAR**

13.     The EAA submits that the lodestar figure in this case is $120,388.75. This figure was calculated by utilizing the following fixed hourly rates that defense counsel charged to the EAA: $250 partners; $200 associates; and $150 paralegals. A total of 500.8 hours were expended in this case by various timekeepers over the approximate time frame of March 2020 when Plaintiff filed his EEOC Charge through May 16, 2024.

14.     The EAA submits that the proposed hourly rates are reasonable as they reflect the actual rates that defense counsel to invoice the EAA for its legal services. Moreover, these rates discounted specifically for the EAA given the long-standing relationship between defense counsel's firm and the EAA and because the EAA is public entity. Trejo Decl. ¶ 6; Sanchez Decl. ¶ 5.

15.     This case was primarily defended by Kemp Smith Partners Deborah Trejo and Gilbert Sanchez. Ms. Trejo has been practicing law for 26 years and is an experienced trial and appellate attorney who specializes in various practice areas to include administrative law, constitutional law and civil rights, governmental law, and has served as general counsel to numerous governmental entities including the EAA. Trejo Decl. ¶ 3. Ms. Trejo testified that her standard hourly rate is $390, but she provides legal services to the EAA at the discounted rate of $250. *Id*. at ¶ 6.

16.     Mr. Sanchez has been exclusively practicing employment law on the defense side for 16 years. Mr. Sanchez is experienced labor and employment having handled hundreds of cases. Mr. Sanchez is Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization. Next month, at the State Bar Annual Meeting, Mr. Sanchez will begin his term as

the Chair of the Council of the State Bar of Texas Labor and Employment Law Section. Sanchez Decl. ¶ 3. Mr. Sanchez testified that his standard hourly rate is $325 but provided legal services in this case to the EAA at the discounted hourly rate of $250. *Id*. at ¶ 6. Mr. Sanchez further testified that the $250 hourly rate is reasonable based on prevailing hourly rates of attorneys of comparable skill reputation, and experience which easily $300 per hour. *Id*. Mr. Sanchez testified that the hourly rates of $200 for associates and $150 for paralegals are reasonable in his expert opinion and based on his experience as the chair of the firm's Labor and Employment Law Department and when he was tasked with recruiting and hiring associate attorneys. *Id*. at ¶ 7.

17.  When compared to hourly rates approved by the courts in the San Antonio Division of the Western District of Texas, there is no question that the proposed hourly rates are reasonable. In *Johnson v. Callanen*, 2024 WL 1184440 at *4 (W.D. Tex. March 14, 2018), Judge Xavier Rodriguez concluded that at an attorney rate of $285 and paralegal rate of $120 was reasonable for a case pending in San Antonio. In *Keller v. Lloyds*, 2024 WL 1336467 at *3 (W.D. Tex. March 28, 2024) (Pulliam, J.), in an insurance case albeit, this Court rejected an hourly rate of $550 and approved a rate of $300. In *Mason v. Helping Our Seniors, LLC*, 2024 WL 348536 at *2 (W.D. Tex. Jan. 29, 2024), Magistrate Judge Chestney held that $325 was a reasonable rate for a board certified labor and employment attorney in the San Antonio Division.

18.  Next, the EAA submits that the 500.8 hours spent defending this is reasonable in light of the fact that this case began four years ago when Plaintiff filed his EEOC Charge in March 2020. The EEOC Charge was initially handled by Partner Michael D. McQueen, a board certified labor and employment law attorney, who spent 23.6 hours at the EEOC stage. After Mr. McQueen retired, Ms. Trejo and Mr. Sanchez took over as co-counsel to represent the EAA when Plaintiff filed his lawsuit. Sanchez Decl. ¶ 9.

19. The bulk of the hours in this case (approximately 78% of the total hours) were worked by Ms. Trejo (215.6 hours) and Mr. Sanchez (173.6 hours). Defense counsel's billing entries are attached to Ms. Trejo's Declaration as Exhibit A-1. To assist the court in evaluating the reasonableness of the hours worked, the EAA is submitting a table listing the number of hours worked by timekeeper and the type of activity involved (e.g., dispositive motion, discovery, deposition) as Exhibit B-1 to Mr. Sanchez's Declaration.

20. The EAA submits that billing judgment was exercised in this case, and when possible, the attorneys attempted to avoid duplicating work and utilized associates and paralegals where appropriate to minimize costs to the EAA. Sanchez Decl. ¶ 10. For example, while both Mr. Sanchez and Ms. Trejo attended Plaintiff's deposition, Mr. Sanchez prepared for and took Plaintiff's deposition which involved review of voluminous documents. When Plaintiff deposed the EAA's witness in San Antonio, Mr. Sanchez did not travel to or remotely attend the deposition, and Ms. Trejo took the lead in preparing the witness and defending her deposition. *Id*. at ¶ 10.

21. To the extent that there is any issue regarding the number of hours worked in this case, the EAA notes that Plaintiff filed two complaints as he was allowed to amend his complaint. (ECF Nos. 1, 31), Defendant filed and fully briefed two 12(b)(6) motions to dismiss relating to Plaintiff's complaints. (ECF Nos. 7, 32). Plaintiff propounded 63 requests for production, 22 interrogatories, and 24 requests for admissions. The EAA produced approximately 2,100 documents in discovery. Plaintiff's deposition was taken in San Antonio which required travel for Ms. Trejo from Austin and Mr. Sanchez from San Antonio. The EAA fully briefed and filed a motion for summary judgment. Even though Plaintiff's claims of retaliation and constructive discharge was dismissed at the pleadings stage, he, nonetheless, attempted to pursue them in his response to the motion for summary judgment which required the EAA to address the issue in its

reply.  The parties participated in a mediation in February 2024.  And, as previously mentioned, prior to the lawsuit, Plaintiff filed an EEOC Charge which required defense counsel to investigate and prepare a response to the allegations.

22. Accordingly, the calculation of the lodestar in the amount of $120,388.75 is reasonable based on the information and evidence provided in support of this Motion.

**E.     THE EAA IS NOT SEEKING ENHANCEMENT TO THE LODESTAR.**

23. There is a strong presumption that the lodestar is the reasonable fee. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).  The EAA agrees in this case, and, as such, it is not seeking enhancement to the lodestar at the second step of the analysis.

24. In the event that Plaintiff argues for a downward adjustment to the lodestar, the EAA reserves the right to respond in its reply.  That said, the EAA submits that a downward adjustment is not warranted in this case given that undersigned defense counsel obtained a complete dismissal of all of Plaintiff's claims, undersigned defense counsel demonstrated skill and experience to obtain a successful result for the EAA, and undersigned defense counsel handled the case at discounted rates.

**F.     COSTS**

25. The EAA requests that the Court allow it to recover its costs from Plaintiff as allowed by the Texas Water Code.  Specifically, the EAA seeks recovery of $4,734.87 in costs. *See* itemization, Sanchez Decl. ¶ 11.

**G.     CONTINGENT ATTORNEY'S FEES AND COSTS FOR UNSUCCESSFUL APPEALS**

26. The EAA also asks the Court to award it contingent attorney's fees related to any appeals by Plaintiff in this matter.  Plaintiff has already filed a Notice of Appeal to the Fifth Circuit. Accordingly, the EAA requests an award of $60,000 in fees and costs contingent on Plaintiff's

unsuccessful appeal. In the event, Plaintiff files an unsuccessful appeal to the United States Supreme Court, the EAA asks for an award of contingent fees and expenses in the amount of $50,000.00.

## H.   CERTIFICATE OF CONFERENCE IN COMPLANCE WITH LOCAL RULE CV-54

27.   In compliance with Local Rule CV-54, undersigned counsel hereby certifies that on May 2, 2024 he conferred with Plaintiff's counsel about the EAA's motion for attorney's fees and to seek agreement as to a stipulated amount. Plaintiff expressed the position that there was no basis for the EAA to recover its attorney's fees, and, therefore, the parties could not reach an agreement.

## I.   PRAYER

For the foregoing reasons, the EAA respectfully asks the Court to grant its Motion for Attorney's Fees and Costs and award it attorney's fees in the amount of **$120,388.75** and costs in the amount of **$4,734.87**. In addition, the EAA requests that the Court award it contingent attorney's fees and costs in the amounts of $60,000.00 and $50,000.00 if Plaintiff's appeals to the Fifth Circuit and Supreme Court, respectively, are unsuccessful.

Respectfully submitted,

*/s/ Gilbert L. Sanchez*
DEBORAH C. TREJO
State Bar No. 24007004
deborah.trejo@kempsmith.com
GILBERT SANCHEZ
State Bar No. 24060550
gilbert.sanchez@kempsmith.com

KEMP SMITH LLP
2905 San Gabriel St., Suite 205

Austin, Texas 78705
(512) 320-5466
(512) 320-5431 (fax)

221 North Kansas, Suite 1700
El Paso, Texas 79901
(915) 533-4424
(915) 546-5360 (fax)

**ATTORNEYS FOR DEFENDANT EDWARDS AQUIFER AUTHORITY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, I served the foregoing document via email to the following:

Edward L. Piña
epina@arielhouse.com
Matthew N. Gossen
mgossen@arielhouse.com
8118 Datapoint Drive
San Antonio, Texas 78229

/s/ Gilbert L. Sanchez
Gilbert L. Sanchez