UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GEARY SCHINDEL,

  *Plaintiff*,

v.                                                       Case No. SA-22-CV-00960-JKP

EDWARDS AQUIFER AUTHORITY,

  *Defendant*.

## O R D E R

Before the Court is Edwards Aquifer Authority's (EAA) Motion for Attorney Fees. *ECF Nos. 63,68*. Plaintiff Geary Schindel responded. *ECF No. 67*. Upon consideration, the Motion is **DENIED**.

### Background

Schindel filed this action against the EAA pursuant to the Age Discrimination in Employment Act ("ADEA"). On April 23, 2023, the Court granted the EAA's Motion for Summary Judgment and entered a Final Judgment in favor of the EAA. *ECF Nos. 56,57*. The EAA now requests recovery of its attorney fees and costs from Schindel in the amounts of $120,388.75 and $4,734.87, respectively. In addition, the EAA seeks contingent attorney fees in the amount of $60,000.00 related to Schindel's appeal to the Fifth Circuit Court of Appeals and $50,000.00 should Schindel appeal to the United States Supreme Court. *ECF No. 63*.

The EAA does not seek recovery of these attorney fees pursuant to the guidelines provided in the ADEA. Instead, the EAA seeks recovery of the requested attorney fees pursuant to state law, the Edwards Aquifer Authority Act ("the Act), Chapter 626, Acts of the 73rd Legislature,

Regular Session 1993[1] and Section 36.066(g) of the Texas Water Code. Section 1.46(e) of the Act provides the EAA: "may recover attorney's fees, costs for expert witnesses, and other costs incurred by the [EAA] before the court on the same basis as Chapter 36, Water Code, provides for a groundwater conservation district to recover those fees and costs." In turn, Section 36.066(g) of the Texas Water Code provides: "If the district prevails in any suit other than a suit in which it voluntarily intervenes, the district may seek and the court shall grant . . . in the same action, recovery for attorney's fees, costs for expert witnesses, and other costs incurred by the district before the court." Tex. Water Code Ann. §36.066(g).

The EAA argues these state-law provisions mandate its recovery of attorney fees in this action because §36.066(g) extends such recovery to "any suit" brought against it. In this novel approach, the EAA provides no case in which these provisions under the Texas Water Code were extended to a case brought in federal court under the ADEA. The Court finds none. The Court declines to extend the Act and §36.066(g) of the Texas Water Code as expansively as the EAA requests.

The Act created the EAA as a conservation and reclamation district empowered to implement a regulatory scheme to control and manage the use of the Edwards Aquifer. *Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 623-24 (Tex. 1996);

---

[1] *see* Act of May 30, 1993, 73rd Leg., R.S., ch. 626, 1993 Tex. Gen. Laws 2350; as amended by Act of May 16, 1995, 74th Leg., R.S., ch. 524, 1995 Tex. Gen. Laws 3280; Act of May 29, 1995, 74th Leg., R.S., ch. 261, 1995 Tex. Gen. Laws 2505; Act of May 6, 1999, 76th Leg., R.S., ch. 163, 1999 Tex. Gen. Laws 634; Act of May 25, 2001, 77th Leg., R.S., ch. 1192, 2001 Tex. Gen Laws 2696; Act of May 27, 2001, 77th Leg., R.S., ch. 966, §§ 2.60–2.62, and 6.01–6.05, 2001 Tex. Gen. Laws 1991, 2021–22 and 2075–76; Act of June 1, 2003, 78th Leg., R.S., ch. 1112, § 6.01(4), 2003 Tex. Gen. Laws 3188, 3193; Act of May 28, 2007, 80th Leg., R.S., ch. 1351, §§ 2.01–2.12, 2007 Tex. Gen. Laws 4612, 4627; and Act of May 28, 2007, 80th Leg., R.S., ch. 1430, §§ 12.01–12.12, 2007 Tex. Gen. Laws 5848, 5901; *see also* TEX. CONST. art. XVI, § 59(a) (permitting Legislature to pass laws to conserve and develop state's natural resources).

*Edwards Aquifer Auth. v. Day*, 274 S.W.3d 742, 747–48 (Tex. App.—San Antonio 2008), aff'd, 369 S.W.3d 814 (Tex. 2012); EAA Act, §§ 1.02, 1.08. Under this authority, the EAA allocates water and regulates permits within the guidelines of the Act. EAA Act, § 1.14; *Edwards Aquifer Auth. v. Day*, 274 S.W.3d at 747–48; *Day v. Edwards Aquifer Auth.*, No. CIV.A.SA-03-CA-0429, 2004 WL 1118721, at *2 (W.D. Tex. Mar. 26, 2004). Thus, the Act is Texas legislation designed to regulate the use of and conserve the Edwards Aquifer. *See id*.

This employment discrimination suit brought pursuant to the ADEA does not fall within the purpose and scope of the Act. Therefore, the Act and §36.066(g) of the Texas Water Code should not be used as an independent and separate statutory basis for awarding attorney fees in cases falling outside their purpose and scope. This Court declines to do so here.

Similarly, the Kinney County Ground Water Conservation District attempted the same broad extension of the Act and §36.066(g) of the Texas Water Code in a case brought in this District asserting violations of federal civil rights. *See Coates v. Hall*, No. SA-06-CV-773, 2007 WL 1091329, at *4 (W.D. Tex. Apr. 10, 2007). In *Coates*, the Court concluded Texas Water Code § 36.066(g) did not entitle the Kinney County Ground Water Conservation District to a mandatory award of attorney fees and costs, finding "42 U.S.C. § 1988, not Texas Water Code § 36.066(g), provided the correct legal standard for recovery of attorney fees in a federal civil rights case." The Court concluded "Section 36.006(g) governs awards of attorney's fees when a groundwater conservation district prevails on a state law claim. *See Guitar Holding Co. L.P. v. Hudspeth County Groundwater Conservation District No. 1,* 209 S.W.3d 146, 169 (Tex.App.-El Paso 2006, no pet.)(holding that the District was entitled to attorney's fees and costs because it prevailed on state law claims regarding the District's permit application decisions and fee assessments)." *Coates*, 2007 WL 1091329, at *4.

This reasoning applies in this case to deny extension of the Act and Texas Water Code § 36.066(g) to employment discrimination cases brought under the ADEA. *See Coates*, 2007 WL 1091329, at *4; *Guitar Holding,* 209 S.W.3d at 169; *Edwards Aquifer Auth. v. Day*, 274 S.W.3d at 747–48.

For these reasons, the EAA's Motion for Attorney Fees is **DENIED**.

It is so ORDERED.
SIGNED this 7th day of August, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE